IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANN PAYNE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-442-RAH-SMD |
| ) | [WO] |
| SRG ENTERPRISES, L.L.C., ) | |
| d/b/a TROY AUTOMOTIVE GROUP, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Ann Payne and Danielle Welden filed this action in state court against Defendants Fiat Chrysler Automobiles US LLC ("FCA"), a Delaware limited liability company with its principal place of business in Michigan, and SRG Enterprises, LLC ("SRG"), an Alabama limited liability company doing business as Troy Automotive Group. Plaintiffs allege that a Jeep Grand Cherokee, which was manufactured by FCA and sold by SRG, caught fire and burned down their lake house. They bring claims for breach of warranty and negligence as well as a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").

FCA timely removed the action to this Court based on diversity jurisdiction, arguing that Plaintiffs, who are both citizens of Alabama, fraudulently joined SRG as a defendant to destroy diversity of citizenship.[1] Plaintiffs now seek remand and

---

[1] The Complaint seeks a sum "to exceed $50,000 . . . in compensatory and punitive damages" to compensate the Plaintiffs for the destruction of their lake house and its contents. (Doc. 1-2 at 7, 10–11.) Based on this demand for relief, Plaintiffs' factual allegations, and Plaintiffs' concession that the amount in controversy sought will exceed $75,000 (doc. 6 at 4), the Court finds that the amount in controversy is in excess of $75,000.

attorneys' fees. For the following reasons, Plaintiffs' motion is due to be granted as to the remand request but denied as to the fee request.

## FACTUAL ALLEGATIONS

On May 24, 2022, a 2014 Jeep Grand Cherokee, which was manufactured by FCA and sold by SRG in September 2017, spontaneously caught fire while it was parked outside the Plaintiffs' lake house. The lake house burned to the ground. Documents contained in the record suggest the fire was caused by a problem with the alternator, which had been subject to an open recall since July 2017. That recall identified possible fires as a basis for the recall.

## LEGAL STANDARD

As courts of limited subject matter jurisdiction, federal courts have the power to hear only cases authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, a federal court has subject matter jurisdiction over cases (1) that arise under federal law, 28 U.S.C. § 1331, and (2) where the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a)(1).

A defendant may remove to federal court a civil action filed in state court if the federal court has original subject matter jurisdiction over the dispute. *Id.* § 1441(a). "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly," and all doubts about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

A state-court complaint that lacks diversity of citizenship on its face may be properly removed to federal court if a defendant can show that a plaintiff fraudulently joined a resident defendant for the purpose of destroying diversity

2

jurisdiction. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden to show that a resident defendant is fraudulently joined is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (internal quotation marks and citation omitted). Relevant here, a defendant may meet this burden by proving—with clear and convincing evidence—that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Id.* (internal quotation marks and citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant[], the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (citation omitted).

To determine if a complaint possibly states a valid cause of action, a federal court must look to the "plaintiff's pleadings at the time of removal" and "may consider affidavits . . . submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). When examining the complaint, the federal court must apply the "pleading standards applicable in state court." *Stillwell*, 663 F.3d at 1334. Alabama applies "notice-pleading standards" and has not adopted the heightened pleading standards required in federal court. *Mahone v. R.R. Dawson Bridge Co., LLC*, No. 2:14-cv-99, 2014 WL 2154223, at *2 (M.D. Ala. May 22, 2014) (citing *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009)). Notice pleading simply requires a plaintiff to provide a defendant with adequate notice of the claims against him. *Id.* at *3. Accordingly, "[i]t is never proper [under Alabama pleading standards] to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief[.]" *Dunson v. Friedlander Realty*, 369 So. 2d 792, 796 (Ala. 1979).

## DISCUSSION

FCA argues that Plaintiffs cannot possibly state a claim against SRG because Alabama's Innocent Seller Statute ("ISS"), ALA. CODE § 6-5-521(b)–(d), immunizes

3

SRG from liability for Plaintiffs' claims. FCA therefore claims that SRG—the resident defendant—is fraudulently joined and its citizenship should be ignored. Because the Court finds there is a possibility that Plaintiffs can show that SRG was negligent in selling the allegedly defective Jeep Grand Cherokee, FCA's fraudulent joinder argument fails.

Under the ISS, *id.* § 6-5-521, a product liability action cannot be maintained against the seller of an allegedly defective product unless the seller is the manufacturer or assembler of the final product; the seller exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product; or the seller altered or modified the product, and such act is causally related to the product's defective condition or the alteration/modification was a substantial factor in causing the harm for which damages are being sought. The statute makes clear that its intent is to protect sellers "who are merely conduits of a product" from suit. *Id.* § 6-5-521(b)(4). In other words, "the [ISS] immunizes innocent sellers from strict liability, but not from their independent torts or breaches of warranty." *Waits v. Kubota Tractor Corp.*, No. 7:19-CV-01080, 2019 WL 4917903, at *3 (N.D. Ala. Oct. 4, 2019). As such, the statute "leaves open the possibility of a claim against a seller for negligently selling a product which the seller knows or should know is unreasonably dangerous." *Stockman v. Safford Trading Co., LLC*, No. CV 21-0527, 2022 WL 446812, at *3 & n.6 (S.D. Ala. Feb. 14, 2022) (collecting cases).[2]

---

[2] *See, e.g.*, *Vinson v. Extreme Prods. Grp., LLC*, No. 1:20-CV-00321, 2020 WL 6562362, at *3-4 (N.D. Ala. Nov. 9, 2020) (concluding it was possible that the plaintiff had a valid claim under Alabama law where it was alleged that the seller knew or should have known that the product was unreasonably dangerous and that the seller failed to warn of known defects); *Waits*, 2019 WL 4917903, at *4 (concluding that the plaintiff had a "reasonable possibility of stating a claim under Alabama law" where it was alleged that the sellers "knew or should have known that the [product] was dangerous, and that they sold the [product] without warning of those dangers"); *cf. Lazenby v. ExMark Mfg. Co.*, No. 3:12-CV-82, 2012 WL 3231331, at *3 (M.D. Ala. Aug. 6, 2012) ("The decision to stock and sell a product that was known to be likely or probable to cause injury could constitute an independent act of wantonness that is separate from any act related to the design or manufacture of the product itself.").

Notably, "Alabama courts have failed to expound upon what independent acts of negligence . . . fall outside the protection" of the ISS. *Barnes v. Gen. Motors, LLC*, No. 2:14-CV-00719, 2014 WL 2999188, at *4 (N.D. Ala. July 1, 2014) (internal quotations omitted). Importantly though, negligence—as defined by Alabama law—encompasses more than affirmative acts. Indeed, negligence can be characterized as "inattention, thoughtlessness, . . . heedlessness, [or] a lack of due care." *Ex parte Dixon Mills Volunteer Fire Dep't, Inc.*, 181 So. 3d 325, 333 (Ala. 2015) (internal quotations and citation omitted). To establish negligence under Alabama law, a plaintiff must show "a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Serv., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001) (citation omitted).

Here, Plaintiffs allege that SRG, as a seller of a vehicle, had a duty to test, market, distribute, and sell a reasonably safe vehicle and to issue appropriate warnings prior to placing the vehicle into the stream of commerce. They assert that SRG breached these duties and thus "put onto the market a vehicle and/or component parts thereof which spontaneously caught fire under foreseeable and common operating conditions, and failed to issue appropriate warnings of the danger of such fire." (Doc. 1-2 at 10.) Based on these allegations, Plaintiffs claim that SRG was negligent in selling the vehicle that ultimately caused the fire that destroyed their lake house. (*Id*. at 5, 10.)

Given Alabama's lenient notice-pleading standard and the broad nature in which the claims against SRG have been pleaded, the Court finds that Plaintiffs' Complaint possibly states a negligence claim against SRG. First, sellers of motor vehicles, including used car dealers, can be sued over the defective condition of the vehicles they sell. *See, e.g.*, *Johnson v. Anderson Ford, Inc.*, 686 So. 2d 224, 229–30 (Ala. 1996); *Nall v. Reinhardt Motors, Inc.,* 623 So. 2d 1128, 1130 (Ala. 1993); *Treadwell Ford, Inc. v. Campbell*, 485 So. 2d 312, 316 (Ala. 1986); *Finch v. Gen.*

5

*Motors LLC*, No. 2:17-cv-542, 2017 WL 4583924, at *2 (M.D. Ala. Sept. 20, 2017), *report and recommendation adopted*, No. 2:17-cv-542 (M.D. Ala. Oct. 13, 2017).

Second, the ISS does not serve as an absolute bar to this claim, at least given the record presented or the Complaint's allegations. By its express language, the ISS provides that its intent is to protect sellers who are merely conduits of a product. But here, neither the Complaint nor the record affirmatively show that SRG was merely the conduit of the vehicle. For example, no allegation is made that the vehicle was sold by SRG as new or used; that SRG did or did not alter, modify, inspect, or test the vehicle prior to selling it; or that SRG was unaware of the open recall or possible fire-inducing problems or defect with the alternator. FCA argues that SRG cannot be found negligent because "[a] used auto dealer does not have a duty to investigate or warn *about recalls* on a vehicle it sells 'as-is.'" (Doc. 10 at 17, 19 (emphasis added).) But this too narrowly construes the Complaint and requires the Court to engage in the type of merit-weighing considerations that are best undertaken at the summary judgment stage. *See Crowe*, 113 F.3d at 1541-42 (holding a district court's authority to assess the "ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims" and it should not attempt to determine "the merits of cases that do not appear readily to be frivolous or fraudulent"). While the Complaint is not the picture of clarity or particularity, it is possible that the Plaintiffs can prove a claim of negligence by SRG in how and whether it inspected the vehicle prior to selling it, whether it was aware of the open recall issue that posed a fire hazard to the vehicle, and whether it should have repaired or resolved this fire-causing concern prior to selling the vehicle or notified prospective purchasers of it.[3] This Court declines to conclude that under no

---

[3] The Court notes that the affidavit of SRG's owner is silent as to whether SRG performed any inspection of the vehicle prior to its sale or that SRG pulled documents, such as a CarFax report, which would have disclosed the open recall. Indeed, while the affidavit sets forth the documents signed by the vehicle's

circumstances can Plaintiffs prove a negligence claim against SRG under Alabama law.

In conclusion, the Court finds that FCA has not met its heavy burden to show—with clear and convincing evidence—that Plaintiffs have fraudulently joined SRG. Because SRG and Plaintiffs are citizens of Alabama, this Court lacks diversity jurisdiction over the dispute, and therefore the case is due to be remanded. And because the Court concludes that FCA had an objectively reasonable basis for removal, Plaintiffs are not entitled to their fees and costs. *See Bujanowski v. Kocontes*, 359 F. App'x 112, 113 (11th Cir. 2009) (per curiam) ("[C]osts and attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." (internal quotations and citation omitted)).

## CONCLUSION

For the reasons set forth above, it is **ORDERED** as follows:

(1) Plaintiffs' Motion to Remand (doc. 6) is granted in part and denied in part. It is **GRANTED** to the extent it seeks remand and **DENIED** to the extent it requests attorneys' fees and costs.

(2) The Clerk of Court is directed to take the appropriate steps to effectuate remand to the Circuit Court of Coosa County, Alabama.

**DONE** this 9th day of January 2025.

R. Austin Huffaker, Jr.
UNITED STATES DISTRICT JUDGE

---

purchaser indicating that the vehicle was sold "AS-IS" and without warranties, the affidavit avers, in conclusory fashion, that SRG "exercised due care in the selling of the . . . vehicle." (Doc. 10-1 at 4.)

7